# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JASON SEARCY, as trustee for the Bankruptcy Estate of Walter T. Winn, Jr., and WINN PROFESSIONAL ENGINEERS & CONSTRUCTORS, L.L.C., as Debtor in Possession for the Bankruptcy Estate of Winn Professional Engineers & Constructors, L.L.C<br><br>        Plaintiffs<br><br>vs.<br><br>RICHARD CAPSHAW, RICHARD A. CAPSHAW, P.C., d/b/a CAPSHAW & & ASSOCIATES, and BEAZLEY INSURANCE COMPANY<br><br>        Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

PLAINTIFFS, Jason Searcy, as trustee for the Bankruptcy Estate of Walter T. Winn, Jr., and Winn Professional Engineers & Constructors, L.L.C., as Debtor in Possession for the Bankruptcy Estate of Winn Professional Engineers & Constructors, L.L.C., files this Original Complaint against Defendants, Richard Capshaw, Capshaw & Associates, and Beazley Insurance Company, and alleges as follows:

### A. JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this proceeding and the claims asserted herein pursuant to 28 U.S.C. § 1334(b), as the case is one arising in or related to a case under Title 11 of the United States Bankruptcy Code and therefore is "related to" bankruptcy

proceedings. This case is brought by Plaintiffs Jason Searcy, as trustee of the Bankruptcy Estate of Walter T. Winn, Jr., and Winn Professional Engineers & Constructors, L.L.C., debtor in possession for the Bankruptcy Estate of Winn Professional Engineers & Consultants, L.L.C., on behalf and for the benefit of the respective Bankruptcy Estates and will affect the Debtors' rights and liabilities.

2. The Court has personal jurisdiction over Richard Capshaw because Defendant, an individual, is a resident of the State of Texas.

3. The Court has personal jurisdiction over Richard A. Capshaw, P.C., d/b/a Capshaw & Associates because it is a professional corporation formed under the law of the State of Texas with its principal place of business in the State of Texas.

4. The Court has personal jurisdiction over Beazley Insurance Company, Inc. because Defendant, a foreign for-profit corporation, regularly transacts business in the State of Texas giving rise to systematic and continuous contacts with the State of Texas. Further, Defendant, Beazley Insurance Company, Inc. entered into a contract for insurance with Walter T. Winn, Jr. and Winn Professional Engineers & Constructors in the State of Texas and Defendant's acts and/or omissions giving rise to liability occurred within the State of Texas and the aforementioned contract, acts and/or omissions form the basis of this suit, and therefore constitute sufficient singular and isolated contacts relating to the litigation as to confer personal jurisdiction over Defendant. Because Beazley Insurance Company, Inc. has purposefully availed itself of the benefits and protections of the State of Texas by engaging in the business of providing insurance to residents of the State of Texas, including Walter T. Winn, Jr. and Winn Professional Engineers & Constructors, L.L.C., and, therefore, personal jurisdiction is authorized

by Texas Civil Practice & Remedies Code § 17.02, Federal Rule of Civil Procedure 4(e), and the Due Process clause of the United States Constitution.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. §1409 (a) because this proceeding is arising under, arising in, or is related to a case under Title 11 and the bankruptcy case under Title 11 is pending in this District and Division.

## B. PARTIES

6. Plaintiff, Jason Searcy, brings this suit as the trustee on behalf of the Bankruptcy Estate of Walter T. Winn, Jr. Plaintiff is a resident of Gregg County, Texas.

7. Plaintiff, Winn Professional Engineers & Constructors, L.L.C., brings this suit as the debtor in possession of the Bankruptcy Estate of Winn Professional Engineers & Constructors, L.L.C. Plaintiff is a resident of Smith County, Texas.

8. Defendant Richard A. Capshaw, P.C., d/b/a Capshaw & Associates, is a domestic professional corporation whose principal place of business is in Dallas County, Texas and which may be served through its registered agent for service of process, Richard A. Capshaw, at 3031 Allen Street, Suite 100, Dallas, Texas 75204.

9. Defendant Richard Capshaw is an individual who resides in Dallas County, Texas and may be served at 3031 Allen Street, Suite 100, Dallas, Texas 75204.

10. Defendant Beazley Insurance Company, Inc. is a foreign corporation formed under the laws of the State of Connecticut, whose principal place of business is located at 30 Batterson Park, Road, Farmington, Connecticut, 06032. Beazley Insurance Company, Inc. transacts business in this state without being registered as required by Chapter 9 of the Business Organizations Code and has failed to appoint or maintain a registered agent for service of process in the State of Texas and may be served through the Secretary of State.

## C. RESPONDEAT SUPERIOR

11. Whenever it is alleged in this Petition that Defendant, Beazley Insurance Company, Inc. (hereinafter "Beazley"), and/or Defendant Richard A. Capshaw, P.C., d/b/a Capshaw & Associates (hereinafter "Capshaw & Associates"), did any act or thing, it is meant that the Defendant Beazley's and/or Defendant Capshaw & Associates' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of the Defendant Beazley and/or Defendant Capshaw & Associates, or was done in the normal routine course of the agency or employment with Defendant Beazley and/or Defendant Capshaw & Associates.

12. Whenever it is alleged that any of Defendant Beazley's and/or Defendant Capshaw & Associates' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did any act or thing, it is meant that Defendant Beazley and/or Defendant Capshaw & Associates did such act or thing and at the time such act or thing was done, it was done with the authorization of Defendant Beazley and/or Defendant Capshaw & Associates or done in the normal routine course of the agency or employment with Defendant Beazley and/or Defendant Capshaw & Associates.

## D. FACTS

13. In or around March 2006, Mr. Walter T. Winn Jr. (hereinafter "Winn"), the principal and owner of Winn Professional Engineers and Constructors, L.L.C. (hereinafter "WPE&C") was hired to design a scaffold for use in construction of a bridge in Arkansas. On or about April 2, 2008, while the scaffold was in use, its suspension failed, and three men plummeted to their death in the river below. Mr. Winn was insured by Defendant Beazley, who provided him with a

$1,000,000.00 per incident, $1,000,000.00 aggregate, eroding insurance policy for the period between June 9, 2007 and June 9, 2009.

14. On or about June 12, 2008, the families of the three men who died when the scaffolding failed filed suit against Mr. Winn and his company in the 191st District Court for Dallas County, Texas. Beazley hired Defendant Richard Capshaw, and his firm, Defendant Capshaw & Associates to defend the claims asserted by the families of the three dead workers.

15. Prior to August 22, 2008, an expert, John Duntemann, was retained by the defense to render opinions regarding the fault of Winn and WPE&C. On August 22, 2008, a month after the underlying lawsuit was filed, Capshaw & Associates conversed with Mr. Duntemann, during which conversation, Mr. Duntemann criticized Winn and WPE&C for failing to have a redundant safety system in place, opined that OSHA would probably cite Winn and WPE&C for the failure to design a redundant safety system, and that, if he were designing the structure, he would incorporate a redundant safety system.

16. Despite the real and palpable risk of liability against Winn and WPE&C, and the opinion of their own consulting expert that Winn and WPE&C were at fault, Richard Capshaw, Capshaw & Associates, and Beazley made no attempt to settle any of the claims against their clients and insureds within the first year of litigation, instead choosing to bill expenses and costs to the eroding policy.

17. Moreover, Richard Capshaw and Capshaw & Associates proceeded to designate Mr. Duntemann as a retained testifying expert, despite being informed in August 2008 that, in Mr. Duntemann's opinion, Winn and WPE&C had negligently failed to design a redundant safety system in the scaffolding, despite Mr. Duntemann drafting a report that placed fault on the design created by Winn and WPE&C and noted it was "tragically flawed," and despite

foreseeable deposition testimony from Mr. Duntemann that Winn and WPE&C were at fault for the failure of the scaffold and the deaths of three men. Only after all of these events did Richard Capshaw and Capshaw & Associates de-designate Mr. Duntemann as a testifying expert and re-designated him as a consulting expert, causing irreparable damage to Winn and WPE&C.

18. In or around February 2009, Mr. Winn agreed to a settlement with one of the families for $350,000.00. Despite having settled with one family for $350,000 of a $1,000,000 eroding policy, Richard Capshaw, Capshaw & Associates, and Beazley made no attempts to settle the claims of the remaining families, instead choosing to continue litigating the case, eroding the policy coverage available to dispose of the claims and reducing the likelihood of any settlement that would insulate their insured and client from liability.

19. On or around May 8, 2009, Richard Capshaw and Capshaw & Associates received a Stower's demand for the remaining policy limits on behalf the Hinojosa plaintiffs, one of the two remaining families. Richard Capshaw then communicated with Beazley, informing them that he did not believe that the Stower's would effectively place Beazley on the hook in the event of an excess judgment and recommended that Beazley reject the Stowers demand. Beazley rejected the Stower's demand disposing of all the Hinojosa plaintiffs' claims, resulting in a verdict well in excess of the policy limits in favor of the Hinojosa plaintiffs at trial.

20. Due to the actions of Defendants, Richard Capshaw, Capshaw & Associates, and Beazley, the case preceded to trial in April 2011, where Mr. Winn and WPE&C were found liable in the amount of $2,168,007.06, exclusive of post-judgment interest. At the time of the jury's verdict, Richard Capshaw and Capshaw & Associates had exhausted over $560,000 of Mr. Winn's and WPE&C's $1,000,000.00 eroding policy, leaving approximately $110,000.00 in insurance coverage to satisfy a verdict in excess of $2,168,007.06. As a result of Beazley's bad

faith refusal to settle and the negligent actions and actions constituting a breach of fiduciary duty by Richard Capshaw and Capshaw & Associates, Plaintiffs Walter T. Winn and Winn Professional Engineers & Constructors sustained catastrophic damages and were forced to file for bankruptcy.

### E. COUNT 1 – NEGLIGENCE BY RICHARD CAPSHAW AND CAPSHAW & ASSOCIATES

21. Under the insurance agreement, Beazley had a duty to defend their insured, WPE&C and Mr. Winn. Beazley hired Mr. Capshaw and Capshaw & Associates as counsel for WPE&C and Mr. Winn, establishing an attorney-client relationship between Mr. Winn and WPE&C and Richard Capshaw and Capshaw & Associates.

22. Defendants, Richard Capshaw and Capshaw & Associates breached the duty of care that arose from the attorney client relationship in the following respects:

   a. Failing to retain adequate expert testimony in defense of their clients;

   b. Failing to make themselves reasonably informed of their retained expert's testimony prior to his deposition;

   c. Designating a retained expert to testify that Mr. Winn and WPE&C were negligent, and which negligence proximately caused the injuries of the plaintiffs in the underlying lawsuit;

   d. Failing to de-designate a retained expert prior to him testifying that Mr. Winn and WPE&C were negligent and which negligence proximately caused the injuries of the plaintiffs in the underlying lawsuit;

   e. Failing to undertake reasonable and necessary steps to settle the claims of their clients within the limits of their clients insurance policy;

   f. Negligently advising their clients to reject a settlement offer within the policy limits to resolve the claims against Mr. Winn and WPE&C;

   g. Negligently failing to evaluate the claims of the respective plaintiffs in the underling lawsuit;

   h. Negligently failing to advise their clients to obtain independent counsel.

23. Defendants Richard Capshaw and Capshaw & Associates' breach of duty proximately caused injury to Winn and WPE&C and to their bankruptcy estates, which resulted in the following damages, exclusive of post-judgment interest:

   a. Walter T. Winn, severally: $433,980.60

   b. WPE&C, severally: $1,692,543.85

   c. Walter T. Winn and WPE&C, jointly and severally: $41,482.91

**F. GROSS NEGLIGENCE – RICHARD CAPSHAW AND CAPSHAW &ASSOCIATES**

24. The aforementioned acts and/or omissions by Defendant Richard Capshaw and Capshaw & Associates when viewed objectively from the Defendants' standpoint at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Mr. Winn and WPE&C, and Defendants had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of Mr. Winn and WPE&C. As such, Defendants' gross negligence proximately caused Plaintiffs' injuries, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code §41.003(a).

## G.  BREACH OF FIDUCIARY DUTY

25.  In addition to other causes of action, Defendants Richard Capshaw and Capshaw & Associates owed to Plaintiffs, Walter T. Winn and WPE&C, a fiduciary duty. Defendants Richard Capshaw and Capshaw & Associates breached their fiduciary duty to Plaintiffs by subordinating their clients interest to their own and engaging in self-dealing. Specifically, Defendants Richard Capshaw and Capshaw & Associates prolonged the litigation, and advised their clients to reject settlement offers which would terminate the attorney-client relationship, in order to capitalize on the cost of defense under an eroding insurance policy, thereby depriving their clients of insurance funds to settle the claims against them and exposing their clients to an excess judgment. Thus, Defendants Richard Capshaw and Capshaw & Associates placed their own pecuniary interest above that of their clients, breaching their fiduciary duty.

26.  Furthermore, and in the alternative, Defendants Richard Capshaw and Capshaw & Associates placed the interests of Beazley above that of their clients by advising Beazley that the *Stower's* demand made by plaintiffs in the underlying lawsuit was ineffective and, thereafter, advising Beazley to reject the *Stower's* demand on the basis that it did not expose Beazley to an excess judgment. Contemporaneously, Defendants Richard Capshaw and Capshaw & Associates advised their clients to reject the *Stower's* demand, under the belief that the clients, and not Beazley, would be liable for any excess judgment. In so doing, Defendants Richard Capshaw and Capshaw & Associates placed the interest of Beazley, the party paying Richard Capshaw and Capshaw & Associates for representation of Plaintiffs, over the interests of their clients, breaching their fiduciary duty to Plaintiffs.

27.  Defendants Richard Capshaw's and Capshaw & Associates' breach of fiduciary duty proximately caused Plaintiffs' damages, including, but not limited to: an excess judgment in the

sum of $433,980.60 assessed severally against Walter T. Winn, exclusive of post-judgment interest; $1,692,543.85 assessed severally against WPE&C, exclusive of post-judgment interest; $41,482.91 assessed jointly and severally against Walter T. Winn and WPE&C, exclusive of post-judgment interest; mental anguish; and unreasonable attorney's fees and costs.

### H.  BREACH OF *STOWERS* DUTY – BEAZLEY INSURANCE COMPANY

28.  Winn and WPE&C were insured under a contract of insurance issued by Defendant Beazley. Ana Rosas Herrera, individually and as Representative of the Estate of Wulfrano Ruiz Hinojosa, Alma Ruiz, and Juan Roman Ruiz (hereinafter the "Hinojosa plaintiffs") asserted a liability claim against the insured that was covered by the insureds' insurance policy with Defendant Beazley.

29.  On or around May 8, 2010, the Hinojosa plaintiffs offered to settle the claim against the insured within the limits of the insureds' policy with Defendant Beazley. At the time of the Hinojosa plaintiffs offer to settle the claim against Winn and WPE&C for the policy limits, litigation had been ongoing for approximately two years. Defendant Beazley had ample opportunity to investigate the claims against their insureds at the time the Hinojosa plaintiffs demand was made. In fact, Beazley had already settled one claim against their insureds for an amount within the policy limits.

30.  Defendant Beazley owed its insureds, Winn and WPE&C, a duty to accept reasonable settlement offers within the policy limits, such as the settlement offer made by the Hinojosa plaintiffs within the policy limits, and Beazley breached the duty of care to its insureds by not accepting the Hinojosa plaintiffs' reasonable settlement offer.

31.  Defendant Beazley's breach of duty proximately caused Plaintiffs' damages in the amount of attorney's fees and costs under the eroding policy, $707,748.98, which is the amount

of the judgment rendered against Winn and WPE&C in the underlying suit in favor of the Hinojosa plaintiffs, and post-judgment interest.

### I. GROSS NEGLIGENCE – BEAZLEY INSURANCE COMPANY

32. The acts and/or omissions complained of above against Defendant Beazley Insurance constitute gross negligence, malice, or actual fraud, which conduct proximately caused Plaintiffs' injuries herein. As a result, Plaintiffs are entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### J. BAD FAITH – BEAZLEY INSURANCE COMPANY

33. Furthermore, Defendant Beazley breached its duty of good faith and fair dealing to Mr. Winn and WPE&C by denying or delaying payment of a covered claim when Defendant knew or should have known its liability under the policy was reasonably clear. Defendant Beazley contracted to provide Plaintiffs Winn and WPE&C with $1,000,000.00 eroding policy, was presented with a valid demand for settlement within the policy limits. On information and belief, there only remained approximately $400,000.00 in remaining insurance coverage at the time of the Hinojosa plaintiffs valid demand for settlement within the policy limits. Beazley had already agreed to settle with one of the plaintiffs in the underlying lawsuit for the sum of $350,000.00 at the time of Hinojosa plaintiffs demand, and yet refused to tender the remaining policy limits in settlement of the Hinojosa plaintiffs' claims.

34. Defendant Beazley's denial and delay in the payment of a covered claim, where Beazley knew or should have known its liability was reasonably clear, proximately caused Plaintiffs' damages in the amount of attorney's fees and costs under the eroding policy, $707,748.98, which

is the amount of the judgment rendered against Plaintiffs in the underlying suit in favor of the Hinojosa plaintiffs, and post-judgment interest.

### K.  DECEPTIVE INSURANCE PRACTICES – BEAZLEY INSURANCE COMPANY

35.  Winn, an individual, WPE&C, a limited liability company, and Defendant Beazley, a corporation, are all persons as defined by Texas Insurance Code § 541.002(2). Defendant Beazley engaged in acts or practices that violated Texas Insurance Code § 541.060(a)(2)(A) by not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim when Defendant Beazley's liability had become reasonably clear.

36.  The policy of insurance provided by Defendant Beazley to Winn and WPE&C covered the claims asserted by plaintiffs in the underlying suit. Furthermore, Winn and WPE&C's liability was reasonably clear from very early in the litigation. Beazley's settled with one of the families in the underlying lawsuit for $350,000.00 prior to the within limits policy demand made by the Hinojosa plaintiffs. Further, Defendant Beazley was presented with a proper settlement demand within the policy limits on behalf of the Hinojosa plaintiffs. In light of the prior settlement, the continuing costs of defense eroding the $1,000,000.00 policy, and the risk of an excess verdict against their insureds for wrongful death, an ordinarily prudent insurer would accept the settlement demand made by the Hinojosa plaintiffs.

37.  Defendant Beazley's acts and/or practices were a producing cause of injury to Plaintiffs which resulted in attorney's fees and costs under the eroding policy and $707,748.98, which is the amount of the judgment rendered against Winn and WPE&C in the underlying suit in favor of the Hinojosa plaintiffs.

38.  Furthermore, Defendant Beazley acted knowingly in violating Texas Insurance Code § 541.060(a)(1)(A), which entitles Plaintiffs to recover treble damages under Texas Insurance

Code § 541.152(b). Plaintiffs are also entitled to recover reasonable attorney's fees and costs under Texas Insurance Code § 541.152(a)(1).

39. Winn and WPE&C are exempted from the written notice requirements under Texas Insurance Code § 541.154(c) because the statute of limitations was about to run on Plaintiffs' claims. Plaintiffs are Jason Searcy, as trustee of the bankruptcy estate of Walter T. Winn, and WPE&C, as debtor in possession for the bankruptcy estate of Winn Professional Engineers & Constructors. Prior to employing counsel to prosecute the claims on behalf of the bankruptcy estates, Plaintiffs were required to file applications and/or obtain approval to employ counsel from the United States Bankruptcy Court for the Eastern District of Texas, Marshall Division. The Court approved Plaintiff Searcy's application to employ counsel on behalf of the Bankruptcy Estate of Walter T. Winn, Jr. on April 10, 2013. WPE&C, as debtor in possession for the bankruptcy estate of Winn Professional Engineers & Constructors, filed its application to employ counsel on behalf of the Bankruptcy Estate of WPE&C on May 24, 2013, asking the Court to employ counsel as of May 15, 2013, less than 60 days from the expiration of the statute of limitations on June 30, 2013.

## L.  JURY DEMAND

40. Plaintiff demands a trial by jury on all issues of fact.

## M. PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Plaintiffs JASON SEARCY, as trustee for the Bankruptcy Estate of Walter T. Winn, Jr., and GLENN PATRICK, as trustee for the Bankruptcy Estate of Winn Professional Engineers & Constructors, L.L.C., prays this Honorable Court:

    a. Enter judgment on behalf of Plaintiffs;

    b. Award Plaintiffs actual damages ;

    c. Award Treble Damages as provided by Texas Insurance Code § 541.152(b)

    d. Grant Plaintiffs reasonable attorneys' fees and costs expended against Defendants as provided by Texas Insurance Code § 541.152(a)(1);

    e. Grant Plaintiff a trial by jury on all issues of fact; and

    f. Grant Plaintiffs any and all other additional relief to which they may be entitled, including prejudgment and post-judgment interest.

Respectfully submitted,

**SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**

By: */s/ Justin A. Smith*
**JOHN D. SLOAN, JR.**
State Bar No. 18505100
**JUSTIN AARON SMITH**
State Bar No. 24068515
Post Office Box 2909
Longview, Texas 75606
101 East Whaley Street
Longview, Texas 75601
(903) 757-7000
(903) 757-7574 (facsimile)

ATTORNEYS FOR PLAINTIFF